IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROSALYN YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-245 |
| ) | |
| AU MEDICAL CENTER/WELLSTAR ) | |
| MCG; ASHLEY LESLEY; and AMY CARR, ) | |
| ) | |
| Defendants.[1] ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Because Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). On December 30, 2024, the Court denied Plaintiff's motion to proceed IFP without prejudice and ordered her to re-submit an IFP motion. (Doc. no. 4, pp. 1-3.) The Court further ordered her to amend her complaint on a standard employment discrimination form provided to her within twenty-one days to correct certain pleading deficiencies. (Id. at 3-8.) The Order informed Plaintiff that "[the amended complaint] will supersede and replace in its entirety the previous pleading filed by Plaintiff." (Id. at 7 (citing Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption, which is consistent with Plaintiff's amended complaint. (Doc. no. 5, pp. 1, 3.) Plaintiff lists her place of former employment as "AU Medical Center/Wellstar MCG" and refers to "AU Medical Center Wellstar MCG" as one entity in the caption of her complaint. (Id.)

the initial complaint and becomes the operative pleading in the case")). In response, Plaintiff submitted a motion to proceed IFP, which the Court grants in a simultaneously entered Order, and an amended complaint. (Doc. nos. 5, 6.) The amended complaint is now before the Court for screening.

I.     BACKGROUND

Plaintiff names the following Defendants: (1) AU Medical Center/Wellstar MCG, (2) Ashley Lesley, and (3) Amy Carr. (Doc. no. 5, pp. 1.) Although the Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, the portion of the complaint form reserved for explaining the facts of Plaintiff's case is blank. (Id. at 4-5.) Plaintiff checked the box indicating she is bringing an action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and she checked two boxes indicating the discriminatory conduct about which she complains is the termination of her employment and the failure to accommodate her disability. (Id. at 3-4.) Plaintiff did not list her age in the space provided when a claim of age discrimination is asserted, nor did she provide any other facts or information about Defendants' alleged discriminatory conduct. (Id. at 4.) There is no Notice of Right to Sue letter or EEOC charge attached to her amended complaint.[2]

---

[2] The Court is aware Plaintiff attached a Notice of Right to Sue letter to her originally filed complaint. (Doc. no. 1, pp. 7-11.) However, as the Court explained in the Order requiring Plaintiff to amend her complaint, her amended complaint supersedes and replaces her originally filed complaint. (See doc. no. 4, p. 7 (citing Hoefling, 811, F.3d at 1277; Lowery, 483 F.3d at 1219).). The Court further explained it could not determine from the attached letter whether Plaintiff had exhausted administrative remedies because Plaintiff's original complaint contained no information about the content of the EEOC charge. (Id. at 4-5.) However, because Plaintiff's amended complaint alleges an ADEA claim, rather than an ADA claim as initially alleged in her original complaint, she need not have received a Notice of Right to Sue letter to fulfill the exhaustion precondition; rather, she need only have allowed sixty days to have "elapsed from the filing of the charge with the [EEOC]." 29 C.F.R. §1626.18(b).

## II.     DISCUSSION

### A.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"

3

Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court provided Plaintiff explicit instructions on the method for amending her complaint if she wanted to pursue this case. (Doc. no. 4, pp. 3-8.) The Court also advised Plaintiff to "carefully review the instructions [on the complaint form] and provide the information requested." (Id. at 7.) Despite these instructions, Plaintiff did not check any

4

boxes about Defendant's alleged discrimination and did not provide any facts about her case whatsoever. (Id. at 4-5.) She also failed to attach any information about whether she filed a charge of discrimination with the EEOC; rather, she simply checked the box stating she had been issued a Notice of Right to Sue letter but did not provide the date on which she filed her EEOC charge. (Doc. no. 5, p. 5); see also Scott v. Piedmont Columbus Reg'l Hosp., 806 F. App'x 954, 955 (11th Cir. 2020) *(per curiam)* (citing 42 U.S.C. § 2000e-5(b) & (f)(1); 29 U.S.C. § 626(d)(1)).

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Thus, Plaintiff's case should be dismissed for failing to follow the Court's instructions regarding amending her complaint.

    **C.    Plaintiff's Amended Complaint Should Also Be Dismissed for Failure to State a Claim Upon which Relief Can Be Granted.**

Even if Plaintiff's amended complaint were not due to be dismissed for failure to follow a Court Order, the amended complaint also fails to state a claim upon which relief can be granted. Plaintiff's amended complaint is completely devoid of any facts supporting her check-the-box claim for an ADEA violation. (See generally doc. no. 5.) Plaintiff has already been given an opportunity to amend her complaint in an effort to state any viable employment discrimination claims but has failed to point to any *facts* in support of her claims. For example, although Plaintiff alleges a violation of the ADEA, she did not check the box for an age discrimination claim on the complaint form, nor does she list her age. (Id. at 4.) Furthermore, she never describes any facts regarding alleged discrimination based on her age, such as comments made about her age or being replaced by a younger employee. (Id. at 4-5.) Likewise, Plaintiff also

checked the box indicating Defendants failed to accommodate her disability, but she provides no information about a disability or how Defendants failed to accommodate it. (Id.)

Moreover, Plaintiff sues her employer, Augusta University Medical Center/Wellstar MCG, as well as other individual employees. (Doc. no. 5, p. 1.) However, the relief granted under the ADEA is against the employer, not individual employees who violated the Act. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).[3] Thus, ADEA claims against employees sued in their individual capacity are inappropriate, and the only proper defendant in such a suit is the employer or supervisory employees in their official capacities as agents of the employer. See id. Although Plaintiff does not allege any facts about whether she is suing Defendants Lesley and Carr in their individual capacities or official capacities as agents of her former employer, to the extent she sues these Defendants individually, these claims fail because individual employees are not subject to liability under the ADEA. See id. Moreover, to the extent she sues Defendants Lesley and Carr in their official capacities as supervisors, these claims also fail because they are redundant, as Plaintiff also names her former employer as a Defendant. See Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action." (citations omitted)) Thus, because Plaintiff's ADEA claims against Defendants Lesley and Carr in either capacity are inappropriate or redundant, she fails to state a claim against either Defendant.

---

[3]Although Busby is a Title VII discrimination case, the Eleventh Circuit "applies the law developed in Title VII, ADEA, and ADA cases interchangeably." Rizo v. Ala. Dep't of Hum. Res., 228 F. App'x 832, 835 (11th Cir. 2007); see also Dearth v. Collins, 441 F.3d 931, 934 n.2 (11th Cir. 2006) (acknowledging "courts routinely apply arguments regarding individual liability" to Title VII, the ADA, and the ADEA).

Ultimately, while Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678, and here Plaintiff fails to provide sufficient details about the circumstances leading up to her termination such that the Court could conclude she has any viable ADEA claims, much less any viable employment discrimination claims. In fact, Plaintiff has not provided any details about her claims beyond check-the-box notations on her amended complaint. As the Court has already given Plaintiff an opportunity to remedy her pleading deficiencies, to no avail, the case should be dismissed.

### III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to follow a Court order and failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA