IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROSALYN YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 124-245 |
| | ) |
| AU MEDICAL CENTER/WELLSTAR | ) |
| MCG; ASHLEY LESLEY; and AMY CARR, | ) |
| | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 10.) On December 30, 2024, the Magistrate Judge highlighted certain pleading deficiencies present in Plaintiff's original complaint and ordered her to amend. (Doc. no. 4.) Plaintiff submitted an amended complaint, (doc. no. 5), but because she again failed to include the requested information in the amended complaint, notably omitting any facts about her case, the Magistrate Judge recommended her case be dismissed for failure to follow a Court order, (doc. no. 8, pp. 4-5). The Magistrate Judge further concluded that even if her amended complaint was not due to be dismissed for this reason, the amended complaint should also be dismissed for failure to state a claim upon which relief may be granted. (Id. at 5-7.) In response, Plaintiff submitted twenty-two "exhibits" as objections to the Report and Recommendation. (Doc. no. 10, pp. 13-42.) These exhibits include EEOC documents, (id. at 13-22), as well as other employment documents and screenshots of text exchanges with her supervisor, (id. at 23-41).

The submitted exhibits do not alter the conclusion that Plaintiff's case should be dismissed for the reasons described in the Report and Recommendation. The exhibits do not rebut the Magistrate Judge's reasoning that Plaintiff failed to follow a Court order, and that the amended complaint fails to state a claim. (See doc. no. 8, pp. 4-7.) Rather, the exhibits merely provide additional factual detail about Plaintiff's claims. (See generally doc. no. 10.) However, Plaintiff may not amend her complaint in a piecemeal manner by submitting separate filings or only select pages which purport to add to or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Furthermore, although she could have attached exhibits to her amended complaint, Plaintiff did not do so, much less did she attach the exhibits now submitted as objections to the Report and Recommendation. (See doc. no. 5.) Thus, the exhibits do not change the fact that the amended complaint fails to sufficiently allege facts in support of Plaintiff's check-the-box employment discrimination claims.

Moreover, to the extent Plaintiff intends the exhibits to be a second amended complaint, the exhibits fail to satisfy the dictates of Federal Rule of Procedure 8 and 10(b). Under Federal Rule of Civil Procedure 8(a)(2), Plaintiff must proffer "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). Here, the compilation of twenty-two exhibits does not satisfy the requirements of either Rule. The disjointed collection of exhibits does not set forth a short and plain statement showing Plaintiff is entitled to relief, and the submitted documentation plainly lacks properly numbered paragraphs describing Plaintiff's claims. (See doc. no. 10.)

Moreover, Plaintiff should be well-aware of the pleading requirements necessary to proceed with her case. In his December 30th Order, the Magistrate Judge instructed Plaintiff on how to amend her complaint. (Doc. no. 4.) Specifically, the Magistrate Judge advised Plaintiff that her amended complaint must include sequentially numbered paragraphs, and that she "shall not incorporate [exhibits] by reference as a means of providing the factual basis for her complaint." (Id. at 7.) The Magistrate Judge further explained "[t]he Court will not independently examine exhibits that Plaintiff does not specifically reference . . . in her amended complaint." (Id.) As explained, the Court will not parse through the exhibits in an effort to piece together a viable employment discrimination claim on Plaintiff's behalf.

All in all, despite being provided with detailed instructions and an opportunity to amend her complaint, Plaintiff did not follow the Court's instructions, and her amended complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 8. Plaintiff's later-submitted exhibits do not change this conclusion. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint without prejudice for failure to follow a Court order and failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 26th day of March, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA